CHARLES E. SWEENEY, et als, *vs.* CHARLES N. TREFETHEN, et al.

Cumberland County. Decided May 28, 1920. A joint action to recover for an alleged breach of contract. The plaintiffs were awarded damages in the sum of one thousand nine hundred and eighty-seven dollars and forty cents. The action is before this court on a motion for a new trial on the usual grounds; also upon a separate motion based upon alleged newly discovered evidence.

The alleged newly discovered evidence cannot form the basis for a new trial inasmuch as it does not conform to the conditions laid down by this court. Reasonable diligence on the part of the defendants would have discovered it in time for use at the trial. Following the testimony of Sweeney telephone messages to three well known, local business concerns, one the Portland Water District, would have produced or rendered available this evidence in ample time for use at the trial, if indeed the defendants should not have anticipated its importance and readily discovered it before the trial. On this point the defendants were content to go to the jury on the plaintiff's testimony. They cannot now complain.

The only ground the defendants now rely upon under the general motion is that the damages were excessive. The evidence discloses that the total amount which could have been earned under the contract, if it had been completed, was $6451.72, of which it seems to be admitted the share of the four plaintiffs suffering damage according to the evidence would have been $3686.68. The evidence also discloses that these four plaintiffs during the remainder of the contract period of sixty-three and one-half weeks after the breach on October 26th, 1916, adopting the minimum amounts admitted by them, earned in other employment as follows: Charles E. Sweeney, $711.94;

Peter Foley, $635.00; Thomas Foley, $762.00; and Jack Foley, $872.70; or a total of $2981.64. The other two plaintiffs offered no evidence of any damage suffered by them. Hence the damage proved by the plaintiffs could not exceed the sum of $705.04.

It is suggested by counsel for the plaintiffs, however, that the earnings under the contract prior to the breach did not represent their entire earnings, which each estimated to be approximately one hundred dollars per month; while the sums testified to as representing their earnings after the breach represent their entire earnings. We do not think the evidence warrants this inference. On the contrary we think it clear that the testimony of the plaintiffs as to their earnings prior to the breach was under the contract. The charge of the presiding Justice shows the case was tried upon this basis; and an analysis of the earnings after the breach and under the contract satisfies us that if the Jury's verdict was based upon this inference it was unwarranted.

One other question is raised by the alleged newly discovered evidence, viz: whether it should not be considered in the reduction of damages as it apparently would have had it been produced at the trial. We think we must apply the rule and hold that the defendants by their laches are not entitled to have the benefit of this evidence in this respect, since it cannot form the grounds for granting a new trial. Entry will be: Motion sustained and new trial granted unless the plaintiffs shall within thirty days after the notice of this decision is filed with the Clerk of Courts for the County of Cumberland, file a remittitur remitting all damages in excess of $705.04 and interest on said sum from January 13, 1918 to date of judgment, in which case motion is overruled. Motion for new trial on the ground of newly discovered evidence overruled. *William A. Connellan, and Harry H. Cannell,* for plaintiffs. *W. R. Anthoine, and Jackson Palmer,* for defendants.